IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GULLIVER USA, INC.,**<br><br>Defendant. | Case No. 2:25-cv-01005 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for Patent Infringement against Gulliver USA, Inc. ("Gulliver" or "Defendant"), and alleges as follows:

**I. PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California as with a registered agent at Ohashi & Horn LLP at 325 N. St. Paul Street, Suite 4400, Dallas, Texas 75201. Defendant maintains a place of business in this judicial District at 3333 W Plano Pkwy, Plano, Texas 75075.

**II. JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at 3333 W Plano Pkwy, Plano, Texas 75075.

5. Without limitation, on information and belief, within this State, Defendant has used, sold, and offered for sale Accused Products (as defined herein) that are covered by the patented inventions of the patents in suit, thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has businesses in this district at 3333 W Plano Pkwy, Plano, Texas 75075. On information and belief, from and within this District, Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module." A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

11. The claimed invention of the '564 Patent relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, the claimed method of the '564 Patent allows for safer operation of the mobile device based on detecting context.

12. The prior art methods included detecting the approximate position of a device on the basis of the signals of cell phone towers, however, this prior method required a delay in detection and accepting false positives in detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power, reducing operating time of the mobile device, or reducing the amount of detecting the device could perform (to maintain its power capacity).

13. The inventors recognized the above technical problems and the utility in creating an energy efficient and timely context detection method that enables the mobile device to be more efficient.

14. **Infringement**. Gulliver has been and continues to directly infringe at least claims 1 and 23 of the '564 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2023 Nissan Armada SL, 2023 Nissan Kicks SR, 2023 Nissan Kicks S, 2021 Nissan Maxima SR, 2021 Nissan Armada SR, 2021 Nissan Armada SL, 2021 Rogue Platinum, 2021 Rogue SV, 2021 Nissan Murano SL, 2021 Nissan Rogue Sport S, 2021 Nissan Versa, 2021 Nissan Sentra SR, 2021 Nissan Sentra SV, 2021 Nissan Altima SV, 2021 Nissan Altima SR, 2020 Nissan Sentra SV, 2020 Nissan Altima 2.5 S, 2020 Nissan Pathfinder SV, 2020 Nissan Pathfinder S, 2019 Nissan Armada SL, 2019 Nissan Leaf SV, 2018 Nissan Armada Platinum, 2018 Nissan Altima 2.5 SR, 2018 Nissan Leaf SV, 2018 Nissan Rogue SV, 2017 Nissan Maxima SR, 2025 Toyota Corolla LE, 2024 Toyota Camry LE, 2023 Toyota RAV4 LE, 2023 Toyota Camry LE, 2023 Toyota Tundra SR5,2023 Toyota Tundra SR5, 2023 Toyota 4Runner SR5, 2022 Toyota RAV4 Hybrid LE, 2022 Toyota Sienna LE, 2022 Toyota RAV4 XLE, 2022 Toyota Corolla SE, 2022 Toyota Avalon Hybrid Limited, 2021 Toyota Camry SE, 2021 Toyota Camry Hybrid LE, 2021 Toyota Venza XLE, 2021 Toyota Avalon XLE, 2021 Toyota Highlander Limited , 2021 Toyota C-HR LE, 2021 Toyota RAV4 LE, 2021 Toyota Camry TRD6, 2020 Toyota 4Runner SR5 Premium. 2020 Toyota C-HR XLE, 2020 Toyota Camry SE, 2020 Toyota RAV4 XLE, 2020 Corolla SE, 2020 Toyota Camry LE, 2020 Toyota C-HR LE, 2019 Toyota Yaris LE,2019 Toyota RAV 4 XLE, 2019 Tacoma TRD Off road, 2019 Toyota Tacoma SR5, 2019 Toyota Highlander Limited Platinum, 2019 Toyota Camry XSEV6, 2019 Toyota Sienna XLE, 2019 Toyota C-HR LE, 2018 Toyota

Sienna XLE. 2018 Toyota C-HR XLE Premium, 2018 Toyota RAV4 LE, 2017 Toyota Highlander LE, 2016 Toyota RAV4 LE, 2015 Toyota Corolla LE, 2022 Lexus IS 300, 2021 Lexus NX 300 Base, 2020 Lexus UX 250h Base, 2020 Lexus GX 460, 2019 Lexus IS 300, 2019 Lexus RX 350, 2019 Lexus UX 200 Base, 2019 Lexus GX 460, 2019 Lexus NX 300 Base, 2019 Lexus UX 200 F SPORT, 2018 Lexus GS 350 F SPORT, 2018 Lexus NX 300 Base, 2018 Lexus GX 460, 2018 Lexus RX 450h F Sport, 2018 Lexus IS 300 FSPORT, 2018 Lexus RX 350, 2017 Lexus GX 460, 2017 Lexus IS 200t, 2017 Lexus ES 350, 2017 Lexus GS 350 F Sport, 2017 Lexus RX 350, 2017 Lexus RC 350, 2016 Lexus IS 200t, 2015 Lexus RX 350, 2015 Lexus RC 350, 2015 Lexus ES 350, and 2015 Lexus RX 450h vehicles (collectively "Accused Products" or "Accused Instrumentalities"). For example, as shown in the attached claim charts (Exhibit B-D), the sale, use, or offer of sale of the Accused Products infringe at least Claims 1 and 23 of '564 Patent.

15. Defendant performs and induces others to perform a method for detecting a context of a mobile device equipped with a plurality of sensors. For example, Defendant provided and provides the Accused Instrumentalities ("mobile device"). Each of the Accused Instrumentalities comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors"). For example, each of the Accused Instrumentalities comprises software modules as a part of the operating system executing in the Accused Instrumentality that controls the camera sensor, radar sensor, steering sensor, braking sensor, and speed sensor. The software module monitors the environment to capture and process images and control the vehicle. The camera and radar determine the position of the vehicle with respect to the surrounding vehicles ("detecting a context") by determining at least a distance from the surrounding vehicles. The steering, braking and speed sensors help in controlling the vehicle by steering the vehicle, applying brakes, and controlling the speed of the vehicle (that depict the

position of the vehicle relative to the surrounding environment such as the road and the surrounding vehicles) ("detecting a context").

16. Defendant performs and induces others to perform a step of assigning the plurality of sensors. For example, Defendant provides each of the Accused Instrumentalities ("mobile device"). Each Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor groups for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2 ("plurality of sensor groups").

17. Defendant performs and induces others to perform a step of arranging the sensor groups according to a hierarchy. For example, Defendant provides each of the Accused Instrumentalities ("mobile device"). Each Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2. Each Accused Instrumentality provides safety sensors that comprise features including but not limited to a pre-collision system with pedestrian detection, dynamic radar cruise control, lane departure alert with steering assist, and lane tracing assist. For example, each Accused Instrumentality performs the following steps to control movement of the vehicle. The steering sensor, braking sensor and speed sensor are activated first to measure and control at least the moving vehicle's speed, braking and steering. Once the vehicle is moving, the camera and radar are activated to monitor the objects (including but not limited to vehicles, roads, trees) surrounding the Accused Instrumentality. If the Accused Instrumentality detects, using the camera and radar, that there are objects/vehicles near

the Accused Instrumentality, the speed sensor increases and/or decreases the speed of the vehicle to avoid collisions. Further, the steering sensor steers the vehicle left and/or right to avoid any surrounding objects and to automatically change lanes and/or to keep the vehicle within the lane. Therefore, Groups 1 and 2 are arranged according to a hierarchy since Group 1 comprising the steering sensor, braking sensor and speed sensor is activated first and Group 2 comprising the camera and radar is activated second.

18.     Defendant performs and induces others to perform a step of activating a classification by a classifier assigned to a second sensor group after a result of a classification by a classifier assigned to a first sensor group, wherein the second sensor group is at a higher level in the hierarchy than the first sensor group. For example, a software module 2 ("a classifier assigned to a second sensor group") for Group 2 ("second sensor group") comprising camera and radar is executed ("activate a classification") to take distance measurements of the surrounding objects and determine the position of the vehicle relative to the surrounding objects ("context of the mobile device") after a software module 1 for Group 1 comprising the steering, braking and speed sensor is executed ("after a result of the classification by the classifier assigned to the first sensor group"). It is apparent for a person skilled in the art that in order to detect the objects surrounding a moving vehicle, the steering, braking and speed sensors will be activated first so that the vehicle is in a moving state and to allow monitoring of the vehicle's speed, braking and steering. Next, the camera and radar are activated such that the movement of the vehicle is controlled based on the information (regarding any surrounding objects) received from the camera and radar.

19.     Defendant performs and induces others to perform a step of adapting a configuration of the classifier assigned to the first sensor group based, at least in part, on a result of the classification by the classifier assigned to the second sensor group. For example, the configuration (including but not limited to the software variables used in the software module) of

7

the software module 1 ("classifier assigned to first sensor group") assigned to steering, braking and speed sensors is adapted/modified based on the software module 2 ("classifier assigned to the second sensor group") assigned to the camera and radar. The camera processes and the radar detects and calculates the distance of the objects surrounding the moving vehicle. The information collected from the camera and radar teaches the steering sensor, braking sensor, speed sensor and the classifier assigned to first sensor group to control the motion of the moving car. For example, as a part of safety sensors, upon detection of any hazard or car nearby, the camera and radar teach the steering sensor and the corresponding classifier to automatically change lanes and/or adjust the vehicle's position within the lane. The camera and radar, as a part of dynamic radar cruise control feature, teach the speed sensor, the brake sensor and the corresponding classifier to increase and/or decrease the vehicle speed to maintain the necessary distance from the vehicle in front of the Accused Instrumentality.

20. Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the Accused Products constitutes infringement of the '564 Patent. At least as early as the filing of the Complaint, Defendant was made aware of the '564 Patent and the fact that Defendant was using, selling, and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the Accused Products. Defendant continues to advertise the Accused Products and the infringing aspects of the Accused Products to customers to explain their features and use.

21. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

22. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## IV.  COUNT II
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

23. Plaintiff incorporates the above paragraphs herein by reference.

24. On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device." A true and correct copy of the '791 Patent is attached hereto as Exhibit E and incorporated herein by reference.

25. Context Directions is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendant.

26. The '791 Patent shares the identical specification as the '564 patent and therefore Context Directions incorporates the background and discussion in Paragraphs 11-13.

27. **Infringement**. Gulliver has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2023 Nissan Armada SL, 2023 Nissan Kicks SR, 2023 Nissan Kicks S, 2021 Nissan Maxima SR, 2021 Nissan Armada SR, 2021 Nissan Armada SL, 2021 Rogue Platinum, 2021 Rogue SV, 2021 Nissan Murano SL, 2021 Nissan Rogue Sport S, 2021 Nissan Versa, 2021 Nissan Sentra SR, 2021 Nissan Sentra SV, 2021 Nissan Altima SV, 2021 Nissan Altima SR, 2020 Nissan Sentra SV, 2020 Nissan Altima 2.5 S, 2020 Nissan Pathfinder SV, 2020 Nissan Pathfinder S, 2019 Nissan Armada SL, 2019 Nissan Leaf SV, 2018 Nissan Armada Platinum, 2018 Nissan Altima 2.5 SR, 2018 Nissan Leaf SV, 2018 Nissan Rogue SV, 2017 Nissan Maxima SR, 2025 Toyota Corolla LE, 2024

Toyota Camry LE, 2023 Toyota RAV4 LE, 2023 Toyota Camry LE, 2023 Toyota Tundra SR5,2023 Toyota Tundra SR5, 2023 Toyota 4Runner SR5, 2022 Toyota RAV4 Hybrid LE, 2022 Toyota Sienna LE, 2022 Toyota RAV4 XLE, 2022 Toyota Corolla SE, 2022 Toyota Avalon Hybrid Limited, 2021 Toyota Camry SE, 2021 Toyota Camry Hybrid LE, 2021 Toyota Venza XLE, 2021 Toyota Avalon XLE, 2021 Toyota Highlander Limited , 2021 Toyota C-HR LE, 2021 Toyota RAV4 LE, 2021 Toyota Camry TRD6, 2020 Toyota 4Runner SR5 Premium. 2020 Toyota C-HR XLE, 2020 Toyota Camry SE, 2020 Toyota RAV4 XLE, 2020 Corolla SE, 2020 Toyota Camry LE, 2020 Toyota C-HR LE, 2019 Toyota Yaris LE,2019 Toyota RAV 4 XLE, 2019 Tacoma TRD Off road, 2019 Toyota Tacoma SR5, 2019 Toyota Highlander Limited Platinum, 2019 Toyota Camry XSEV6, 2019 Toyota Sienna XLE, 2019 Toyota C-HR LE, 2018 Toyota Sienna XLE. 2018 Toyota C-HR XLE Premium, 2018 Toyota RAV4 LE, 2017 Toyota Highlander LE, 2016 Toyota RAV4 LE, 2015 Toyota Corolla LE, 2022 Lexus IS 300, 2021 Lexus NX 300 Base, 2020 Lexus UX 250h Base, 2020 Lexus GX 460, 2019 Lexus IS 300, 2019 Lexus RX 350, 2019 Lexus UX 200 Base, 2019 Lexus GX 460, 2019 Lexus NX 300 Base, 2019 Lexus UX 200 F SPORT, 2018 Lexus GS 350 F SPORT, 2018 Lexus NX 300 Base, 2018 Lexus GX 460, 2018 Lexus RX 450h F Sport, 2018 Lexus IS 300 FSPORT, 2018 Lexus RX 350, 2017 Lexus GX 460, 2017 Lexus IS 200t, 2017 Lexus ES 350, 2017 Lexus GS 350 F Sport, 2017 Lexus RX 350, 2017 Lexus RC 350, 2016 Lexus IS 200t, 2015 Lexus RX 350, 2015 Lexus RC 350, 2015 Lexus ES 350, and 2015 Lexus RX 450h vehicles (collectively "'791 Patent Accused Products" or the '791 Patent Accused Instrumentalities"). For example, as shown in the attached claim charts (Exhibit F-H), the use, sale, and offer of sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

28. Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. At least as early as the filing of the Complaint, Defendant was made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products.

29. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

30. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant, granting the following relief:

a. Judgment that one or more claims of United States Patent No. 9,807,564 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of United States Patent No. 10,142,791 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes.

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V. **JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 3, 2025

Respectfully submitted,

<u>/s/Steven G. Kalberg</u>
David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131)
*(Admitted to U.S. District Court for the Eastern District of Texas)*
DIRECTION IP LAW
P.O Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com

**ATTORNEYS FOR PLAINTIFF
CONTEXT DIRECTIONS LLC**